UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

MICHAEL HICKEY, )
       Plaintiff, )
 )
v. ) **Case No.:**
 )
MEDICREDIT, INC., ) **COMPLAINT AND DEMAND FOR JURY**
       Defendant. ) **TRIAL**
 )
 ) **(Unlawful Debt Collection Practices)**
 )

## COMPLAINT

MICHAEL HICKEY ("Plaintiff"), by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Naugatuck, Connecticut 06511.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its headquarters located at 3 Cityplace Drive, Suite 690, Saint Louis, Missouri, 63141.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and contacted Plaintiff in its attempts to collect a consumer debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. Upon information and belief, at all relevant times, Defendant was seeking to collect an alleged consumer debt from Plaintiff, belonging to another.

13. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

14. For the last 12 calendar months, Defendant continuously and repeatedly contacted Plaintiff on his cellular telephone in its attempt to collect an alleged debt owed by a third-party, his ex-wife Rochelle.

15. When the calls first began, Plaintiff told Defendant that he and his ex-wife had been divorced for the last five (5) years, that she did not live with him, that they had the wrong number and to stop calling his cellular telephone as the debt did not belong to him.

16. Despite advising Defendant that it had the wrong number and to stop calling, Defendant continued to call Plaintiff's cellular telephone.

17. These calls were inconvenient to Plaintiff as they often occurred before 8:00am and after 9:00pm.

18. Further, Defendant failed to update its records and continued to call Plaintiff despite being told on numerous occasions to stop calling his cellular telephone.

19. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone about a debt of another so he took measures to block Defendant's calls.

20. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt that did not belong to him.

21. Defendant's actions as described herein were taken with the intent to abuse, harass, and deceive.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

22. Defendant's conduct violated 15 U.S.C. §1692c(a)(1) of the FDCPA.

    a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer before 8:00 AM and/or after 9:00 PM local time at the consumer's location.

    b. Here, Defendant violated § 1692c(a)(1), when it communicated with Plaintiff both before 8:00 A.M. and after 9:00 P.M.

### COUNT II

23. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c. Defendant violated §1692d and 1692d(5) of the FDCPA when it continued to call Plaintiff about a debt that did not belong to him and after having been told to stop calling his cellular telephone.

**COUNT III**

24. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692e and 1692e(10) of the FDCPA.

    a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates §1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    c. Here, Defendant violated §1692e and 1692e(10) when it was attempting to collect a debt knowing that the alleged debt did not belong to Plaintiff.

**COUNT IV**

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop calling Plaintiff, after being informed to stop calling after it knew it was calling the wrong party and Plaintiff had requested the calls to stop.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MICHAEL HICKEY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHAEL HICKEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

MICHAEL HICKEY
By his Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, ct28597
Kimmel & Silverman, P.C.
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380
atroccoli@creditlaw.com

DATED: October 19, 2016